```
                          United States Bankruptcy Court
                           Southern District of Florida
In re:                                                          Case No. 16-16796-SMG
Manuel Gomez                                                    Chapter 13
         Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 113C-0          User: graster-t          Page 1 of 1                  Date Rcvd: Dec 31, 2019
                              Form ID: pdf004          Total Noticed: 1
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 02, 2020.
  NO NOTICES MAILED.

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
              +E-mail/Text: agraupera@dadeschools.net Jan 01 2020 02:34:19
                Miami Dade County Public Schools,    Attn: Payroll Department (Suite 614),
                1450 Northeast Second Avenue,    Miami, FL 33132-1308
                                                                                             TOTAL: 1

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 02, 2020                              Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 31, 2019 at the address(es) listed below:
              Christina V Paradowski    on behalf of Creditor    VT Inc. as Trustee of World Omni LT
               cvp@trippscott.com,   bankruptcy@trippscott.com;hbb@trippscott.com
              Christopher P Salamone    on behalf of Creditor    Citimortgage, inc. csalamone@rasflaw.com,
               csalamone@rasflaw.com
              Keith S Labell    on behalf of Creditor    CitiMortgage, Inc. klabell@rasflaw.com,
               klabell@rasflaw.com
              Matthew Mazur, Jr    on behalf of Debtor Manuel  Gomez mmazurjr@mazur-law.com,   info@mazur-law.com
              Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
              Robin R Weiner    on behalf of Trustee Robin R Weiner ecf@ch13weiner.com;ecf2@ch13weiner.com
              Robin R Weiner    ecf@ch13weiner.com;ecf2@ch13weiner.com
                                                                                             TOTAL: 7



**ORDERED in the Southern District of Florida on December 30, 2019.**

_____
**Scott M. Grossman, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov**

In re:

Manuel Gomez                                              Case No. 16-16796-SMG
                                                          Chapter 13

_____Debtor_____/

**AMENDED AGREED ORDER TO EMPLOYER
TO DEDUCT AND REMIT AND FOR RELATED MATTERS**

TO:   Miami Dade County Public Schools (The Employer)
      Attn: Payroll Department (Suite 614)
      1450 Northeast Second Avenue
      Miami, Florida 33132

The above-named debtor has voluntarily filed a petition and plan under chapter 13 of the United States Bankruptcy Code, seeking to pay, in whole or in part, certain debts under the protection of this court. These debts are to be paid by the chapter 13 trustee

Page 1 of 3

LF-75 (rev. 04/29/11)

from the debtor's future earnings. It is public policy that the employer shall assist in the rehabilitation of the debtor to avoid a chapter 7 liquidation pursuant to 11 U.S.C. § 1325(b). Accordingly, pursuant to Local Rule 3070-1(D), this court orders:

1. The employer immediately shall begin withholding from wages, salary, commission, or other earnings or income of said debtor as follows: December 2019 in the amount of $55.00 per month and from January 2020 through May 2021 in the amount of $ 469.28 per month and remit this amount by check (with the debtor's name and case number indicated on the check) payable to following assigned chapter 13 trustee:

**X Robin R Weiner, P.O. Box 22258, Memphis, TN 38101-2258**

2. The employer is enjoined and restrained from discharging, terminating, suspending, or discriminating against the debtor for any reason whatsoever in connection with the filing of the chapter 13 petition or this wage-deduction order, the employer is ordered further to notify the trustee of the discharge, termination, suspension, or discriminatory action, and the specific reason(s).

3. If a summons of garnishment concerning the debtor has been served on the employer, this chapter 13 case automatically enjoins and stays the continuation of that garnishment proceeding pursuant to 11 U.S.C. § 362(a); and the employer is enjoined and stayed from making any further deductions from the debtor's earnings on account of the garnishment, and is ordered to remit immediately to the chapter 13 trustee any sums already deducted and not yet paid over to the garnishment court.

4. This order supersedes any previous order of garnishment or other order issued with respect to the debtor's wages, except for income deduction orders regarding child support, alimony and related support arrearages. Such support orders shall remain

LF-75 (rev. 04/29/11)

in full force and effect. Failure to comply with the provisions of this order may result in an order to show cause why said employer should not be found in contempt of this court.

5. The debtor shall mail a copy of this order to any garnishment court with an action against the debtor and any garnishing creditor. The attorney for the debtor or the clerk of court, if the debtor is pro se, must serve copies on the employer. A certificate of service in accordance with Local Rule 2002-1(F) reflecting service on all required parties must be filed with the court.

6. This order shall be effective immediately upon service on the employer. This order shall remain in full force and effect until modified, suspended or terminated either in writing by the debtor's attorney or by further order of the Court. This order shall also terminate upon dismissal of this bankruptcy case, conversion of this case to chapter 7, or entry of a discharge of the debtor.

###

Agreed to by: (Both debtor and attorney for debtor, if any, must sign)

_____ (The Debtor)
Manuel Gomez, 510 NW 106 Terr., Pembroke Pines, FL 33026 (954) 404-9431

_____ (The Debtor's Attorney)
Matthew E. Mazur, Jr., Esq.

**Submitted by:**

**Matthew E. Mazur, Jr., Esq.**
**Attorney For Manuel Gomez, Debtor**
2645 Executive Park Drive, Suite 110
Weston, FL 33331
Phone: (305) 466-3328
Fax: (786) 347-6042
e-mail: mmazurjr@mazur-law.com

Page 3 of 3

LF-75 (rev. 04/29/11)